IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| REGINALD WEAVER, #710482 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-05-506 |
| | § | |
| LT. VONDA RAFTER, ET AL. | § | |

## REPORT AND RECOMMENDATION

Plaintiff Reginald Weaver, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Having thoroughly reviewed Plaintiff's complaint, supplemental complaint and answers to interrogatories, this Court makes the following recommendation to the District Court.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

Plaintiff complains that on or about May 18, 2005, an outgoing letter addressed to a State Representative was opened by a mailroom staff member or Lt. Rafter, outside of his presence, in violation of TDCJ-CID policy. Plaintiff subsequently received a major disciplinary case for "soliciting a Texas Representative." Plaintiff stated in his answers to interrogatories that although he had initiated the two-step grievance process, he did not complete it. Plaintiff included in his complaint and answers to interrogatories copies of his Step One and Step Two appeals to the findings of the disciplinary committee, and his Step One grievance.

1

Having reviewed all documentation provided by Plaintiff, it appears that he has wholly failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a), which provides, in relevant part, that "no action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in jail, prison, or other correctional facility, until such administrative remedies as are available are exhausted." Plaintiff's Step One grievance, filed on October 3, 2005, was returned to him marked, "Grievable time period has expired."

Once discretionary, the exhaustion requirement of the PLRA is now mandatory for all actions brought with respect to prison conditions. *See Booth v. Churner*, 532 U.S. 731, (2001).

Plaintiff has failed to comply with the TDCJ two-step process to exhaust his administrative remedies before filing this civil rights lawsuit. Therefore, in light of the foregoing case law, it is the **RECOMMENDATION** of this Court that the above-styled case be **DISMISSED, with prejudice, for failure to exhaust administrative remedies.**

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff. The Plaintiff shall have until **May 26, 2006,** in which to have written objections, **and/or proof of exhaustion of administrative remedies**, physically on file in the Office of the Clerk. <u>The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300</u>. Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the ___10th___ day of May, 2006.

John R. Froeschner
United States Magistrate Judge