IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| REGINALD WEAVER, § | | |
| TDCJ #710482, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. G-05-0506 |
| § | | |
| LIEUTENANT VONDA K. RAFTER, § | | |
| *et al.*, § | | |
| § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER

The plaintiff, Reginald Weaver (TDCJ #710482, former TDCJ #591740), is an inmate in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Weaver, who proceeds *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. At the Court's request, Weaver has provided answers to interrogatories and copies of the grievance that he filed in connection with his claim. (Docs. # 11, # 12). He has also filed more than one supplement to his complaint. (Docs. # 15, # 23). After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.[1]

---

[1] On October 25, 2007, this case was reassigned pursuant to General Order No. 2007-10 to United States District Judge Melinda Harmon. This case is being handled by the undersigned by agreement of the judges.

**I.     BACKGROUND**

Weaver is currently incarcerated at a prison facility in Kyle, Texas. Weaver sues three correctional officers and two supervisory officials employed by TDCJ at the Terrell Unit, where Weaver was formerly assigned: (a) Lieutenant Vonda K. Rafter, (b) Captain Michael E. Kitchens; (c) Officer Channa Davis; (d) Administrative Assistant Carolyn Field; and (e) Assistant Warden G. Lumpkins. The gist of Weaver's complaint is that the defendants violated prison policy governing inmate correspondence by opening a piece of his outgoing mail.

Weaver alleges that, on or about June 22, 2005, Lieutenant Vonda K Rafter opened his letter to State Representative Dianne White Delisi in violation of prison policy. Weaver complains that the letter was "privileged" and that Lieutenant Rafter opened the letter "without justifiable cause," outside of his presence, and without prior notice in violation of prison correspondence rules. The letter to Representative Delisi reportedly enclosed a poem and sought financial assistance. Weaver complains that, using this letter as evidence, Officer Channa Davis issued a disciplinary charge against Weaver (case # 20050294072) for "soliciting" in violation of prison rules. Weaver was convicted of that offense following a disciplinary hearing. Weaver reports that Captain Kitchens, who presided over the disciplinary hearing, demoted him in classification status from S2 to S4 as a result of the conviction. Weaver complains further that Assistant Warden Lumpkins was responsible for grading the disciplinary offense as a "major" violation.

Weaver maintains that his letter to Representative Delisi was opened and read by the defendants in violation of his constitutional rights. He seeks declaratory relief and compensatory damages for his "mental anguish." Weaver also seeks injunctive relief in the form of a court order reinstating his classification to S2 status. The Court concludes, however, that the complaint must be dismissed for reasons discussed further below.[2]

## II.   STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates initial screening of a prisoner civil rights complaint. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where

---

[2]   The record reflects that Weaver's Step 1 grievance was returned as untimely filed and he did not pursue a Step 2 grievance about the claims he presents. (Docs. # 11, # 12). Thus, the district court dismissed his complaint initially on June 6, 2006, for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). (Doc. # 25). The Fifth Circuit vacated the dismissal and recently remanded this case for additional consideration after the Supreme Court issued its decision in *Jones v. Bock*, 127 S. Ct. 910, 921 (2007) (holding that failure to exhaust administrative remedies is an affirmative defense and not a pleading requirement). *See Weaver v. Lieutenant Vonda K. Rafter*, No. 06-41110 (5th Cir. May 7, 2007). Because the complaint is without merit, this Court does not address the issue of exhaustion further.

the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief").

A district court may dismiss a prisoner's complaint as frivolous if the complaint "lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III.  DISCUSSION

Weaver complains that, by opening and reading his letter without giving him advance notice, Lieutenant Rafter and the other defendants violated prison policy on "special correspondence" and "legal correspondence" because his letter was addressed to a state official. Reciting from the mail room operational manual in place at the Terrell Unit, Weaver refers to Rule 52, which reportedly states that "[a]ll outgoing special correspondence" shall be sent "sealed and uninspected." (Doc. # 1, at 10). Apparently, a letter qualifies as special correspondence if it is addressed to a public office or official. (*See id.*). Likewise, "[a]ll outgoing legal correspondence" from an inmate to "any licensed attorney or legal aid society" may be sealed and may not be "opened or read." (Doc. # 1, at 11). According to the rule referenced by Weaver, if a letter does not meet the criteria for "sealed special correspondence" or "sealed legal correspondence," then mail room officials are instructed to give the inmate notice and "an opportunity to open the letter" himself or an opportunity to "deny" the letter using a "correspondence/contraband denial form." (*Id.* at 10-12).

Weaver maintains that his letter to Representative Delisi qualified as special correspondence or legal correspondence, but that it was opened and inspected without the advance notice required by prison correspondence rules. Because his letter was opened and inspected without notice in violation of prison policy, Weaver contends that the defendants infringed his constitutional rights. Assuming that Weaver's allegations regarding the opening

5

of his mail are true, and that his correspondence was opened and read without the notice required by prison policy, Weaver nevertheless fails to state a valid claim under 42 U.S.C. § 1983.

The United States Constitution permits greater restriction of prisoners' First Amendment rights than it allows elsewhere and affords substantial deference to the professional judgment of prison administrators. *See Beard v. Banks*, — U.S. —, 126 S. Ct. 2572, 2577-78 (2006) (upholding a prison policy that denies access to newspapers, magazines, and photographs to violent inmates confined in long-term restrictive housing) (citations omitted). Inmates have a First Amendment right both to send and receive mail, *see Thornburgh v. Abbott*, 490 U.S. 401 (1989), but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband. *See Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993) ("A prisoner's freedom from censorship under the First Amendment . . . with regard to his incoming mail is not the equivalent of freedom from inspection or perusal.") (citing *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)).

It is well settled that a prisoner does not have a constitutional claim if his incoming mail is opened and inspected outside of his presence, even if the inspection is in violation of prison regulations. *See Brewer*, 3 F.3d at 825 (recognizing that "the violation of a prison regulation requiring that a prisoner be present when his incoming legal mail is opened and inspected is not a violation of a prisoner's constitutional rights"), *cert. denied*, 510 U.S. 1123 (1994); *Henthorn v. Swinson*, 955 F.2d 351, 353 (5th Cir.) (rejecting a complaint concerning the opening of legal mail not bearing the required "special mail" inscription outside of an

6

inmate's presence), *cert. denied*, 504 U.S. 988 (1992); *see also Singletary v. Stadler*, 273 F.3d 1108 (5th Cir. 2001) (unpublished) (affirming that "prisoners do not have a constitutional right to be present when privileged, legal mail is opened and inspected").

Weaver's allegations in this instance concern the inspection of his outgoing mail, rather than incoming mail. Incoming mail is distinguished from outgoing mail because courts have recognized a greater security interest in opening incoming mail for contraband.[3] *See Thornburgh*, 490 U.S. at 413. The Fifth Circuit has held that prisoners have a right to be free from "arbitrary censorship" of outgoing mail. *Brewer*, 3 F.3d at 826. However, "freedom from censorship is not equivalent to freedom from inspection or perusal." *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974).

Weaver complains only that his mail was opened and read outside his presence. Weaver does not establish that the letter, which solicited funds from a public official, concerned a legal matter or that it was privileged in any way. Courts have routinely held that prison officials do not commit constitutional violations by reading prisoners' outgoing nonprivileged mail. *See Busby v. Dretke*, 359 F.3d 708, 721 (5th Cir. 2004) (finding that the First Amendment did not bar jail officials from reading a prisoner's mail and turning

---

[3] Unfortunately, inmates have been known to submit all manner of obscene, odious materials to the courts, including death threats, papers smeared with blood, urine, feces, and other substances. *See, e.g.*, *Downs v. Texas Department of Criminal Justice*, Civil No. W-95-114 (W.D. Tex. 1995); *Downs v. Collins*, Civil No. H-94-1202 (S.D. Tex. 1994); *see also In re: Tony Valdez Gomez*, Misc. No. 4-01-0507 (S.D. Tex. 2001) (barring Gomez from filing any further lawsuits or papers of any kind, and warning court personnel of the possible health risk associated with handling any of his documents). Prisoners have no constitutional right to send contraband in the mail.

letters over to prosecutors if the jailers happened to find valuable evidence during their routine monitoring); *Gassler v. Wood*, 14 F.3d 406, 408 n. 5 (8th Cir. 1994) (citing *Smith v. Delo*, 995 F.2d 827, 830 (8th Cir. 1993) (holding that prison officials are justified in screening outgoing nonlegal mail for escape plans, contraband, threats, or evidence of illegal activity); *Stow v. Grimaldi*, 993 F.2d 1002, 1004-05 (1st Cir. 1993) (holding that a New Hampshire State Prison practice of requiring nonprivileged outgoing mail to be submitted for inspection in unsealed envelopes does not violate prisoners' constitutional rights); *United States v. Whalen*, 940 F.2d 1027, 1035 (7th Cir.) (holding that "it is well established that prisons have sound reasons for reading the outgoing mail of their inmates"), *cert. denied*, 502 U.S. 951 (1991); *United States v. Kelton*, 791 F.2d 101, 103 (8th Cir.) (prisoner's Fourth Amendment rights were not violated when prison official inspected and copied prisoner's outgoing mail), *cert. denied*, 479 U.S. 989 (1986)); *see also Altizer v. Deeds*, 191 F.3d 540, 547-48 (4th Cir. 1999) ("Without question, the opening and inspecting of an inmate's outgoing mail is reasonably related to legitimate penological interests, and, therefore, constitutional[.]").

Weaver's bare allegation that prison officials opened his outgoing mail in violation of prison policy, without more, does not establish a constitutional violation.[4] *See Jackson*

---

[4] Exhibits in the record reflect that the letter was sent, although it appears that Weaver had an invalid address for Representative Delisi. (*See Petition*, Doc. # 1, Exhibits) (containing a copy of the letter sent to State Representative Dianne Delisi in Temple, Texas, and another containing a piece of mail that was returned by the United States Postal Service, notifying the "sender" of Representative Delisi's new address). Even if Weaver's letter was not sent, his
(continued...)

*v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989) (noting that a state's failure to follow its own rules or regulations, alone, does not establish a constitutional violation); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (per curiam) (rejecting an inmate's claim that TDCJ's mere failure to follow an administrative rule violated his constitutional rights); *see also Henderson v. Johnson*, 201 Fed. App'x 284 (5th Cir. 2006) (opening of inmate mail in violation of prison rules, standing alone, does not state a cognizable constitutional claim); *Rhodes v. Keller*, 77 Fed. App'x 261 (5th Cir. 2003) (same) (citing *Brewer*, 3 F.3d at 821; *Crowder v. Sinyard*, 884 F.2d 804, 811, 814 (5th Cir. 1989)).

In summary, Weaver's contention that a piece of his mail was opened and inspected outside of his presence, contrary to prison rules, does not demonstrate a constitutional violation. Accordingly, his complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

---

[4](...continued)
allegations do not demonstrate that he suffered any cognizable harm as a result. Interference with mail may implicate an inmate's constitutional right of access to the courts, for example, where items are removed from a prisoner's legal mail and not delivered. *See Brewer*, 3 F.3d at 826. The letter at issue in Weaver's case requested financial assistance from a state representative and did not involve a legal matter. Thus, Weaver does not allege or show that the interference with his mail prevented him from exercising his constitutional right to access the courts or to present a grievance.

9

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED on January 16th, 2008.

_____
Nancy F. Atlas
United States District Judge